**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| reFX AUDIO SOFTWARE INC. | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) Case No. 1:13-cv-01790 |
| | ) Honorable Edmond E. Chang |
| | ) |
| DOES 1-85. | ) ***JURY TRIAL DEMANDED*** |
| | ) |
| *Defendants.* | ) |
| | ) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR EXTENSION OF TIME TO NAME AND SERVE DEFENDANTS
PURSUANT TO FED. R. CIV. P. 4(m)**

**I.      Introduction**

Plaintiff, reFX Audio Software, Inc. ("reFX"), submits this statement regarding the status of service on Defendants and requests an extension of time to name and serve Defendants.

To briefly summarize Plaintiff's case, Plaintiff has identified certain Defendants who have unlawfully copied and distributed Plaintiff's Software on the Internet. At the time of filing, Plaintiff's investigator was only able to identify the Doe Defendants by limited information including their Internet Protocol ("IP") Addresses and the dates and times of alleged infringement. As described in its Memorandum in Support of its Motion for Leave to Take Discovery Prior to Rule 26(f) Conference, the only way that Plaintiff can determine Defendants' actual names is with cooperation from the Defendants' Internet Service Provider ("ISP"). Docket No. 10.

The Court entered an order on March 22, 2013 allowing early discovery. Docket No. 12. Plaintiff issued subpoenas to Defendants' ISPs, Comcast Corporation ("Comcast"), AT&T, Inc. (SBC Internet Services) ("AT&T"), Charter Communications, Inc. ("Charter"), and Mediacom Communications Corporation ("Mediacom"), with return dates of late April to mid-May. Plaintiff has received responsive information from Comcast Corporation, regarding fifty of the Does, from Charter regarding three Does, and from Mediacom regarding two Does. AT&T, service provider to 28 of the Does, has objected to the subpoena. While Plaintiff is attempting to resolve the issue and served a substitute subpoena on AT&T on June 27, 2013. It appears a motion to compel production against AT&T will be necessary, and Plaintiff anticipates filing this motion immediately upon receiving AT&T's objections and undergoing a meet and confer in accordance with LR 37.2.

Plaintiff requests that the Court extend the time by which Plaintiff must name and serve the Defendants in this case for a reasonable amount of time (*i.e.*, an additional 90 days from July 5, 2013).

## II. Argument

### a. Upon a Showing of Good Cause, the Court Must Extend the Time for Service on Defendants.

Pursuant to Federal Rule of Civil Procedure Rule 4(m), a defendant must be served within 120 days after the complaint is filed. FED. R. CIV. P. 4(m). However, if the plaintiff shows good cause for the failure to serve a defendant, "a court must extend the time for service for an appropriate period." *Id.*; *see also Stanley v. Martin*, No. 12C4670, 2013 WL 331267 at *1 (N.D. Ill. Jan. 29, 2013) ("If the plaintiff meets this burden and demonstrates good cause for the untimely service, the court must provide the plaintiff with an extension of time.") (*citing Troxell v. Fedders of North America, Inc.*, 160 F.3d 381, 382-83 (7th Cir. 1998). Further, district courts

2

have discretion to grant extensions of the 120-day period to effect service of process even in the absence of good cause. *Id.* at *2.

This Court has employed a flexible approach to determining the good cause standard for extending time under Rule 4(m), noting that "[g]ood cause exists if the plaintiff can point to a 'valid reason' for the delay in service." *Id.* at *1 (*citing Coleman v. Milwaukee Bd. of Sch. Dirs.,* 290 F.3d 932, 934 (7th Cir. 2002)). "Although there is no precise test for good cause, the plaintiff must show, at a minimum, 'reasonable diligence' in his or her efforts to serve the defendant." *Id.* (*citing Bachenski v. Malnati,* 11 F.3d 1371, 1377 (7th Cir.1993)). When a complaint involves unidentified, "Doe" defendants, courts have been sympathetic in allowing a plaintiff additional time beyond the initial 120 days to conduct discovery to identify the defendants and subsequently name and serve them. *See Aviles v. Village of Bedford Park,* 160 F.R.D. 565, 568 (N.D. Ill. 1995) (stating that "Aviles has initiated discovery aimed at determining the officers' identities, and we are hesitant to dismiss a potentially meritorious lawsuit on essentially procedural grounds when such discovery requests are outstanding"); *see also Gillespie v. Civiletti,* 629 F.2d 637 (9th Cir. 1980) (holding that the "district court abused its discretion in not permitting the discovery sought by the appellant [to disclose the identity of doe defendants] and the court's subsequent dismissal of the complaint was error").

### b. Plaintiff has Good Cause to Extend the Time Limit for Service.

Plaintiff can show both good cause and reasonable basis why it has not named and served the Defendants in this case within 120 days of filing the complaint. Plaintiff's complaint was filed on March 7, 2013 and named Does 1-85 as Defendants. Docket No. 1. Plaintiff then filed a Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference, which was granted by this Court in March. *See* Docket Nos. 9,12. Plaintiff issued subpoenas to the non-party ISPs of

3

the Doe Defendants requesting production of identifying information by late April to mid-May. Plaintiff has yet to receive a large amount of this responsive information. Plaintiff is reissuing a subpoena to AT&T in the hopes of overcoming AT&T's objections. However, Plaintiff anticipates that a motion to compel production against AT&T will be necessary.

Accordingly, good cause and reasonable basis exists as to why Plaintiff has not yet named and served the Defendants in this case. First, Plaintiff has not yet received a substantial amount of responsive information from an ISP for the Doe Defendants. Second, the Defendants have not been prejudiced by any delay in naming and serving them and will not be prejudiced by an extension.

Therefore, the Court should extend the time for service for an appropriate period to allow Plaintiff to obtain identifying information from the ISPs and to properly determine the validity of its claims against the Doe Defendants before naming and serving them.

In the alternative, the Court should exercise its discretion in allowing Plaintiff additional time to name and serve the Defendants. None of the Defendants will be prejudiced by the granting of Plaintiff's request.

**III.    Conclusion**

For all of the foregoing reasons, Plaintiff respectfully requests that the Court extend the time by which Plaintiff must name and serve the Defendants in this case. Out of an abundance of caution, Plaintiff respectfully requests an additional 90 days from the July 5, 2013 Rule 4(m) date, to Friday, November 1, 2013, in which to effectuate service on the Doe Defendants.

> Respectfully submitted,
> reFX Audio Software, Inc.
>
> By its attorneys,
>
> SIMMONS BROWDER GIANARIS

4

ANGELIDES & BARNERD LLC

Dated: July 5, 2013

By: /s/ Paul A. Lesko
    Paul A. Lesko – IL Bar No. 6288806
    One Court Street
    Alton, IL 62002
    Ph: 618.259.2222
    Fax: 618.259.2251
    plesko@simmonsfirm.com

    Patrick J. Keating IL Bar No. 6211380
    230 West Monroe, Suite 2221
    Chicago, IL 60606
    Ph: 312.759.7500
    Fax: 312.759.7516
    pkeating@simmonsfirm.com

*Attorneys for Plaintiff reFX Audio Software, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of July, 2013 the foregoing document was filed electronically with the Clerk of the Court to be served upon all counsel of record.

/s/ *Paul A. Lesko*
Paul A. Lesko – Attorney for Plaintiff reFX Audio Software, Inc.

5